**FILED**

Jan 04 2021

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY      s/ meganb      DEPUTY

1  Anton Ewing
   3077 B Clairemont Drive #372
2  San Diego, CA 92117

3

4  Plaintiff In *Pro Per*

5

6

7  ## THE UNITED STATES FEDERAL DISTRICT COURT

8  ## SOUTHERN DISTRICT OF CALIFORNIA

9

10  Anton Ewing,                          )   Civil Case No.   **'21CV0009 CAB BGS**

              Plaintiff,                  )   1. NEGLIGENT VIOLATIONS OF
11                                        )      THE TELEPHONE
       vs.                                )      CONSUMER PROTECTION
12                                        )      ACT [47 U.S.C §227 (b)]
                                          )   2. WILLFUL VIOLATIONS OF
13  Steady Capital, LLC, a New York       )      THE TELEPHONE
                                          )      CONSUMER PROTECTION
14  limited liability company,            )      ACT [47 U.S.C. §227(b)]
                                          )   3. NEGLIGENT VIOLATIONS OF
15             Defendant.                 )      THE TELEPHONE
                                          )      CONSUMER PROTECTION
16                                        )      ACT [47 U.S.C. §227 (c)]
                                          )   4. WILLFUL VIOLATIONS OF
17                                        )      THE TELEPHONE
                                          )      CONSUMER PROTECTION
18                                        )      ACT [47 U.S.C. §227(c)]
                                          )   5. VIOLATION OF CALIFORNIA
19                                        )      INVASION OF PRIVANCY
                                          )      ACT [PC §632.7]
20                                        )
                                          )   JURY TRIAL REQUESTED
21                                        )
22                                        )
23
24

25    Plaintiff Anton Ewing ("Plaintiff"), an individual, alleges the following upon

PLAINTIFF'S INITIAL COMPLAINT- 1

Anton Ewing
3077 B Clairemont Drive #372
San Diego, CA 92117

Plaintiff In *Pro Per*

## THE UNITED STATES FEDERAL DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Anton Ewing, | ) Civil Case No. |
|          Plaintiff, | ) |
| vs. | ) 1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C §227 (b)] |
| Steady Capital, LLC, a New York limited liability company, | ) 2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)] |
|          Defendant. | ) 3. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 (c)] |

) 1. NEGLIGENT VIOLATIONS OF
THE TELEPHONE
CONSUMER PROTECTION
ACT [47 U.S.C §227 (b)]
) 2. WILLFUL VIOLATIONS OF
THE TELEPHONE
CONSUMER PROTECTION
ACT [47 U.S.C. §227(b)]
) 3. NEGLIGENT VIOLATIONS OF
THE TELEPHONE
CONSUMER PROTECTION
ACT [47 U.S.C. §227 (c)]
) 4. WILLFUL VIOLATIONS OF
THE TELEPHONE
CONSUMER PROTECTION
ACT [47 U.S.C. §227(c)]
) 5. VIOLATION OF CALIFORNIA
INVASION OF PRIVACY
ACT [PC §632.7]

) JURY TRIAL REQUESTED

Plaintiff Anton Ewing ("Plaintiff"), an individual, alleges the following upon

information and belief based upon personal knowledge:

## I.  NATURE OF THE CASE

1.      Defendant Steady Capital, LLC sent a solicitation text message to Plaintiff's DNC registered cell phone, without with an ATDS at 7:57AM on 12/28/2020 from phone number 469-382-4130 to cell phone 619-719-9640 stating:

> a.  "Hey Anton Ewing, Merry Christmas it's Mr. Walls we are pushing out high dollar amounts over 12-18 months under 15% we can fund before the new year! How much can SD DRONE VIDEOS LLC use today."

2.      Jason Bay from Steady Capital, LLC called Plaintiff on August 12, 2019 to sell Plaintiff a loan.  The call came from 917-633-8713.  Jason Bay sent a confirming email that same day stating "It was great speaking with you just now."

3.      Plaintiff brings this action seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Steady Capital, LLC, a New York limited liability company ("Steady Capital, LLC"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47. U.S.C. § 227 et seq. ("TCPA") and related regulations, specifically the National Do-Not-Call provisions, thereby invading Plaintiff's privacy.  Further, Defendants both violated California's Invasion of Privacy Act (CIPA) by illegally recording the

telemarketing calls they made to Plaintiff without disclosing that such call was being recorded by Defendants, all in violation of PC §637.2 and PC §632.7.  This case involves more than one call in violation of the TCPA and CIPA.

## II.  JURISDICTION & VENUE

4.       Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff, a resident of California, seeks relief from the United States Federal District Court, Southern District of California.  For each TCPA subsection (b and c), Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when all calls are added up, exceeds the threshold required for federal court jurisdiction.  This is not a diversity case.  This is a federal question case.

5.       The Court has ancillary jurisdiction, in its discretion, over the attendant state law claims.

6.       This Court also has federal-question subject matter jurisdiction over the Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

7.       This Court has personal jurisdiction over Defendant Steady Capital, LLC because a substantial part of the wrongful acts alleged in this Complaint were committed in California. For example, Steady Capital, LLC made illegal telemarketing robocalls to Mr. Ewing, with area code 619, while he was in California.   Steady Capital, LLC has also subjected itself to personal jurisdiction

in California because they are running and abetting said criminal operation.

8.      Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391(b) and because Defendant does business within the State of California and Plaintiff resides within the County of San Diego.

9.      Defendant has purposefully directed its activities into California and has thus enjoyed the benefits and protections of California law.

### III.  PARTIES

10.     Plaintiff, Anton Ewing. ("Plaintiff"), is an individual and resident in California.

11.     Defendant Steady Capital, LLC is a vociferous robo-dialing telemarketer, and is a "person" as defined by 47 U.S.C. § 153 (39).

12.     Soon to be named defendant Krupp is a "person" as defined by 47 U.S.C. § 153 (39).

13.     The above named Defendant Steady Capital, LLC, and its subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend the

Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

14.     Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants.  Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.  Defendants controlled every aspect of its agent's operations including the scripts to be read on each call and the fact that Defendant required its agent to record each telemarketing call.  Steady Capital, LLC is and was, at all times relevant to this action, a knowingly and intentionally authorized and controlled agent of Hershel Krupp.

## VI.  FACTUAL ALLEGATIONS

15.     In addition to the 12/28/2020 text messages, on or about January 9, 2020, Defendant contacted Plaintiff on Plaintiff's cellular telephone number ending in -9640, in an attempt to solicit Plaintiff to purchase Defendant's merchant cash advance services.  Defendant's employee, Scott Wilson, acted like he has spoken to Plaintiff previously.  Defendant used a prerecorded voice message and an ATDS to initiate the call.   The robot required Plaintiff to push "1" to get to a live human.

This violates California Civil Code §1770(a)(22)(A). There was also a very distinct bubble popping sound at the beginning of the call that indicates an ATDS was used to initiate and dial Plaintiff's cell telephone number that is itself registered on www.donotcall.gov since 2012.

16.   Defendant Steady Capital, LLC, is an LLC formed in New York in 2015.

17.   Defendant Steady Capital, LLC used a "Vicidial" ATDS system to robodial Plaintiff on Plaintiff's cell phone to sell Plaintiff merchant cash advance services. Krupp purchased, setup and activated the Vicidial system.

18.   Defendant is being sued for violating 47 USC §227(b)(1)(A), 47 USC §227(c)(5), California Civil Code[1] §1770(a)(22)(A) and PC §§632.7 and 637.2.

19.   Defendant Steady Capital, LLC is located at 2357 Coney Island, NY 11223 and 215-08 23rd Road, 2nd Floor, Bayside, New York 11360.

20.   Defendant owns and uses www.steadycapitalsolutions.com which can be viewed in California.

21.   Hershel Krupp is an officer of Defendant Steady Capital, LLC

22.   Krupp is an owner of Defendant Steady Capital, LLC

_____

[1] Disseminating an unsolicited prerecorded message by telephone without an unrecorded, natural voice first informing the person answering the telephone of the name of the caller or the organization being represented, and either the address or the telephone number of the caller, and without obtaining the consent of that person to listen to the prerecorded message.

23.   Steady Capital, LLC employee Scott Wilson called Plaintiff from 917-789-1330 and spoke to Anton Ewing through this hired employee agent.  Anton Ewing owns, answers and controls cell phone number ending in -9640.  The employee, Scott Wilson, confessed, at the very end of the call, that the call was being recorded and that he did not disclose the fact of recording at any time prior to that.

24.   Steady Capital, LLC does not have a California CFL license.

25.   Defendant has failed to obtain a bond as required of all telemarketing organizations in California.

26.   Steady Capital, LLC has been sued for TCPA violations in the past.

27.   Steady Capital, LLC is illegally doing business in California.

28.   Steady Capital, LLC has failed to register as a telemarketer in California with the California Department of Justice.

29.   Defendant has failed to obtain a telemarketers bond in California as required by the California Department of Justice.

30.   Steady Capital, LLC exerts agency type control over their third party lead source for telemarketing leads.

31.   Scott Wilson stated on the telemarketing call that Krupp told him to call Plaintiff's phone and then he sent multiple emails to Plaintiff with an application for a merchant case advance.  Scott Wilson called Plaintiff twice in January 2020.

32.   Steady Capital, LLC requires its lead source to ask certain questions of the

prospective clients before the lead source can transfer the call to Steady Capital, LLC employees.

33.    Upon information and belief, Steady Capital, LLC began harassing Plaintiff on or about January 30, 2019 at which time Plaintiff expressly told Defendant to stop calling and to send a written copy of its Do Not Call policy.   Then Defendants called again and again.   Defendant has not sent a written copy of the do not call policy.

34.    There were many calls prior to these because Krupp's employee already knew Plaintiff's name and email address.

35.    Calling Plaintiff's cell phone in California prior to 8:00 AM is a violation of the FTC and FCC regulations and therefore a violation of 47 USC §227(c)(5).

36.    Plaintiff believes and thereupon alleges that Steady Capital, LLC has been the ultimate cause of Plaintiff's phone ringing off the hook for the past year with telemarketing calls for bogus loans.

37.     Plaintiff did not consent to, nor give permission for, the subsequent call made by Defendant Steady Capital, LLC to Plaintiff.

38.    Often telemarketers higher controlled third parties to do their initial illegal calling in violation of the TCPA.   The initial lead source always plays coy and will not divulge who they are or who they are working for.   That in and of itself is a violation of the FCC's Telemarketing Sales Rule and actionable under 47 USC

§227(c)(5).  The only way that Plaintiff can find out who the TCPA violator is, is to fain interest and "play along" on the call as the telemarketer reads the script and illegally records the responses so they can sell the lead to Defendant Steady Capital, LLC

39.     Further, consent must be in writing and signed by the person called. Plaintiff did not sign any consent to be called.

40.     The Honorable District Judge Chad F. Kenney stated on May 1, 2019 in case number 18-cv-02071, *Shelton vs. Fast Advance Funding, LLC*: "Well, the only way this, this act is going to get any teeth in it at all is through a serial litigant."

41.     Judge Kenney was referring to the TCPA when he made this above statement on the record.

42.     In addition to the other calls listed herein, Krupp directly called Plaintiff on his DNC registered cell phone in violation of the TCPA.

43.     The TCPA causes of action (47 USC §227(b) and (c)) filed herein for, *inter alia*, illegal telemarketing to Plaintiff's DNC registered cellular phone through the use of an ATDS is expressly alleged against Defendant Steady Capital, LLC

44.     Steady Capital, LLC has been illegally calling Mr. Ewing, without his consent, with autodialed and prerecorded calls ("robocalls") as well as "live-transfer" calls using an ATDS.  Mr. Ewing brings this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), in hopes that an injunction

and damages will encourage Steady Capital, LLC and Krupp, to change their ways. Plaintiff is suing Steady Capital, LLC for the directly dialed calls as well as the third party lead source calls and for the text messages.  There were other calls through lead generators and this lawsuit is for the direct autodialed called to Plaintiff cell phone as well as the calls from the third party lead source.

45.   Krupp is the agent of Steady Capital, LLC and Krupp controls the acts and actions of Steady Capital, LLC as his alter ego.

46.   Defendant used an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1) to place its call to Plaintiff  seeking to solicit its services.

47.   Defendant contacted or attempted to contact Plaintiff from telephone numbers confirmed to be Defendant's number.  After the robot initiated the call, it was transferred to "Scott Wilson" who asked personal questions and illegally recorded the call.

48.   Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

49.   During all relevant times, Defendant did not possess Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an automatic telephone dialing system or an artificial or prerecorded voice on its cellular telephone pursuant to 47 U.S.C.§227(b)(1)(A).  At no time did Plaintiff provide, give or grant express written permission to be called nor to be robo-dialed

by Defendants or its agents.

50.    Further, Plaintiff's cellular telephone number ending in -9640 was added to the National Do-Not-Call Registry on or about February 16, 2012.

51.    Defendant placed multiple calls soliciting its business to Plaintiff on his cellular telephone ending in -9640 in or around January 2020.

52.    Such calls constitute solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2) as they were attempts to promote or sell Defendant's services.

53.    Plaintiff received numerous solicitation calls from Defendant within a 12-month period.

54.    Defendant continued to call Plaintiff on its telephone number -9640 in an attempt to solicit its services and in violation of the National Do-Not-Call provisions of the TCPA.

55.    Upon information and belief, and based on Plaintiff's experiences of being called by Defendant after being on the National Do-Not-Call list for several years prior to Defendant's initial call, and at all relevant times, Defendant failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. §227(c)(5).

56.    Plaintiff was harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff via his telephone for solicitation purposes,

thereby invading the privacy of said Plaintiff whose telephone number was on the National Do-Not-Call Registry. Plaintiff was damaged thereby.

57.    Plaintiff is suing as a person that received numerous solicitation calls from Defendant within a 12-month period, who had not granted Defendant prior express consent and did not have an established business relationship with Defendants.

58.    Defendant illegally recorded each telemarketing call that it made to Plaintiff in violation of California Penal Codes §632.7 and §637.2.  Defendants owe Plaintiff $5,000 for each and every illegally recorded call.

59.    The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

60.    The TCPA makes it unlawful to make telemarketing solicitations to telephone numbers on the National Do Not Call Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

61.    The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c). 47 U.S.C. § 227(c)(5).

62.    The term ATDS[2] as used and mentioned herein is as defined by the TCPA

---

[2] "we conclude that the statutory definition of ATDS includes a device that stores telephone numbers to be called, whether or not those numbers have been generated by a random or sequential number generator."

and by the 9th Circuit Court of Appeals in the recent Marks vs. *Crunch San Diego, LLC* case.  D.C. No 14-cv-00348 BAS BLM.

## V. STANDING

63.     The court must evaluate lack of statutory standing under the Rule 12(b)(6) standard. *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).  However, because Plaintiff is proceeding pro se, his complaint "must be held to less stringent standards than formal pleadings drafted by lawyers" and must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (reaffirming standard for pro se complaints post-*Twombly*). The Ninth Circuit has concluded that the court's treatment of pro se filings after *Twombly* and *Iqbal* remain the same and *pro se* pleadings must continue to be liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); see also *McGowan v. Hulick*, 612 F.3d 636, 640-42 (7th Cir. 2010); *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461-62 (5th Cir. 2010); *Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009) (noting that even following *Twombly* and *Iqbal*, "we remain obligated to construe a pro se complaint liberally").

64.     Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state:

65.     A valid injury in fact;

66.     which is traceable to the conduct of Defendants;

67.     and is likely to be redressed by a favorable judicial decision.  See, *Spokeo, Inc. v. Robins*, 578 U.S.____(2016) at 6, and *Lujan v. Defenders of Wildlife*, 504 U.S. 555 at 560.  In order to meet the standard laid out in *Spokeo* and *Lujan*, Plaintiffs must clearly allege facts demonstrating all three prongs above.

      **The "Injury in Fact" Prong**

68.     Plaintiff's injury in fact, must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution, as laid out in *Spokeo (*Id.).  For an injury to be "concrete," it must be a de facto injury, meaning that it actually exists.  In the present case, Plaintiff was called on his cellular phone at least twenty times by both Defendants.  In fact, Plaintiff expressly informed both Defendants to cease and desist from all future telemarketing on the very first call.  Such calls are a nuisance, an invasion of privacy, and an expense to Plaintiff in multiple ways. *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).  Defendant's invasion of Plaintiff's right to privacy is further exacerbated by the fact that Plaintiff's phone number, at all times relevant to this litigation, was on the National Do-Not-Call Registry ( hereinafter, "DNC Registry").  As well, Plaintiff had no prior business relationship with Defendant prior to receiving the seriously harassing and annoying calls by Steady Capital, LLC.  All of Plaintiff's injuries are concrete and de facto. For an injury to be "particularized" means that the injury must "affect the plaintiff in a personal and individual way." *Spokeo, Inc.*

*v. Robins,* 135 S.Ct. 1540, *578 U.S. ___ (2016)* at 14.  In the instant case, it was Plaintiff's phone that was called and it was Plaintiff who answered the calls.  It was Plaintiff's personal privacy and peace that was invaded by both Defendant's persistent phone calls using an ATDS and a pre-recoded message, despite Plaintiff having no prior business relationship with either Defendant and Plaintiff's attempt to avoid the damage by registering his number on the DNC Registry.

### The "Traceable to the Conduct of Defendant" Prong

69.     The second prong required to establish standing at the pleadings phase is that Plaintiff must allege facts to show that their injury is traceable to the conduct of Defendant.  In the instant case, this prong is met by the fact that the calls to Plaintiff's cellular phone and home phone (land line) were placed either by Defendant directly, or by Defendant's agent at the express direction and control of Defendant.   See *Jones v. Royal Admin. Servs., 866 F.3d 1100 (9th Cir. 2017)* ten factor test from the 9th Circuit and Civil code §2307.

### The "Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong

70.     The third prong to establish standing at the pleadings phase requires Plaintiff to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion. In the present case, Plaintiff's Prayers for Relief includes a request for damages for each call made by both Defendants, as authorized by

statute in 47 U.S.C. § 227. The statutory damages were set by Congress and specifically redress the financial damages suffered by Plaintiff. Furthermore, Plaintiff's Prayers for Relief request injunctive relief to restrain Defendant from the alleged abusive practices in the future. The award of monetary damages and the order for injunctive relief redress the injuries of the past and prevent further injury in the future. Because all standing requirements of Article III of the U.S. Constitution have been met, as laid out in *Spokeo, Inc. v. Robins*, 578 U.S. ___ (2016), Plaintiff has standing to sue both Defendants on the stated claims.

71.    "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*. at 1548 (quoting *Lujan*, 504 U.S. at 560). The Supreme Court noted that concreteness is quite distinct from particularization. *Id*. An injury is "particularized" if it affects "the plaintiff in a personal and individual way." *Id*. In addition, for an injury to be "concrete", it must be "de facto," meaning that it is "real" and not "abstract." *Id*. However, an injury need not be "tangible" in order to be "concrete," and intangible injuries may constitute injury in fact. *Id*. at 1549. In order to determine whether an intangible harm constitutes injury in fact, *Spokeo* provided two factors to be considered: "history and the judgment of Congress." *Id*. at 1549. Specifically, "(1) whether the statutory violation bears a 'close relationship to a harm that has

traditionally been regarded as providing a basis for a lawsuit in English or American courts,' and (2) congressional judgment in establishing the statutory right, including whether the statutory right is substantive or procedural." *Matera v. Google*, No. 15cv 4062-LHK, 2016 WL 5339806, at *9 (N.D. Cal. Sept. 23, 2016). *Spokeo* also held that "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact." *Spokeo*, 136 S. Ct. at 1549. In such a case, a plaintiff "need not allege any additional harm beyond the one [the legislature] has identified." *Id*.

72.   Here, Plaintiff alleges that Defendant Steady Capital, LLC contacted him using a "telephone dialing system." This is insufficient standing alone, but as in *Charkchyan* and *Kramer*, Plaintiff alleges sufficient additional facts. First, one of the calls is available to the Court as audio recordings of the robotic voice message that initiated the calls. Second, the calls are solicitation advertisements: they advertise Defendant Steady Capital, LLC's services for which Plaintiff has absolutely not use or interest. Third, Plaintiff declares that he has never heard of Defendant Steady Capital, LLC, visited any location operated by said Defendant prior to the harassing and annoying calls, nor provided his cellular telephone number to Defendant Steady Capital, LLC or consented to receive calls from Defendant. Plaintiff also has had no prior business relationship with Defendants. Plaintiff had no reason to be in contact with Defendant Steady Capital, LLC nor

has he ever purchased any kind of product or service that they are selling.
Plaintiff's allegations are sufficient to establish that Defendants used ATDS in
sending their prerecorded solicitation messages illegally and in direct violation of
the TCPA.

73.     In Plaintiff's case, the allegations establish that he did not give prior express
consent.  He declared that he was "the regular user and subscriber to the cellular
telephone number at issue."  He also declared that he has "never heard of
[Defendant], visited any location operated by [Defendant], provided [his] cellular
telephone number to [Defendant] or consented to receive text messages from
[Defendant]."  As in *Charkchyan*, these allegations are sufficient to support
Plaintiff's claims that he did not give prior express consent authorizing Defendant
to send the prerecorded messages, nor to use an ATDS.

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227(b).

74.     Plaintiff repeats and incorporates by reference into this cause of action the
allegations set forth above at Paragraphs 1-72.

75.     The foregoing acts and omissions of both Defendants constitute numerous
and multiple negligent violations of the TCPA, including but not limited to each
and every one of the above cited provisions of 47 U.S.C. § 227(b), and in particular

47 U.S.C. § 227 (b)(1)(A).

76.     As a result of both Defendant's negligent violations of 47 U.S.C. § 227(b), Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227 (b)(3)(B).

77.     Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

78.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-72.

79.     The foregoing acts and omissions of both Defendants, jointly and severally, constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(b), and in particular 47 U.S.C. § 227 (b)(1)(A).

80.     As a result of both Defendant's knowing and/or willful violations of 47 U.S.C. §227(b), Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. § 227(b) )(3)(C).

81.     Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct

in the future.

### THIRD CAUSE OF ACTION

#### Negligent Violations of the Telephone Consumer Protection Act

82.   Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-72.

83.   The foregoing acts and omissions of both Defendants, jointly and severally, constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one  of the above cited provisions of 47 U.S.C. § 227(c), and in particular 47 U.S.C. § 227 (c)(5).

84.   As a result of both Defendant's negligent violations of 47 U.S.C. § 227(c), Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

85.   Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

### FOURTH CAUSE OF ACTION

#### Knowing and/or Willful Violations of the Telephone Consumer Protection Act

#### 47 U.S.C. §227 et seq.

86.   Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-72.

87.   The foregoing acts and omissions of both Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not

limited to each and every one of the above cited provisions of 47 U.S.C. § 227(c),

in particular 47 U.S.C. § 227 (c)(5).

88.    As a result of both Defendant's knowing and/or willful violations of 47

U.S.C. § 227(c), Plaintiff is entitled to an award of $1,500.00 in statutory damages,

for each and every violation, pursuant to 47 U.S.C. §227(c)(5).

89.    Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct

in the future.

## FIFTH CAUSE OF ACTION

### California Invasion of Privacy Act

### PC §632.7 and PC §6372

90.    Plaintiff repeats and incorporates by reference into this cause of action the

allegations set forth above at Paragraphs 1-72.

91.    The foregoing acts and omission of both Defendants constitute numerous

and multiple knowing and/or willful violations of CPA, including but not limited to

each and every one of the above cited provisions of California Penal Code §632,

§632.7 and §637.2

92.    As a result of both Defendant's knowing and willful violation of CIPA

sections PC §632 et seq, including PC §632.7, Defendants both owe Plaintiff

$5,000 per call.

93.    Plaintiff is also entitled to injunctive relief as expressly provided for within

CIPA to prohibit both Defendants from illegally recording calls to Plaintiff ever again.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against both Defendants for the following:

### FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

- As a result of both Defendant's negligent violations of 47 U.S.C. §227(b)(1), Plaintiff is entitled to and request $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C.  227(b)(3)(B).
- Any and all other relief that the Court deems just and proper.

### SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

- As a result of both Defendant's willful and/or knowing violations of 47 U.S.C. §227(b)(1), Plaintiff is entitled to and request treble damages, as provided by statute, up to$1,500, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C).
- Any and all other relief that the Court deems just and proper.

### THIRD CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act 47 U.S.C. §227(c)**

- As a result of both Defendant's negligent violations of 47 U.S.C. §227(c)(5), Plaintiff is entitled to and request $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(c)(5).

- Any and all other relief that the Court deems just and proper.

## FOURTH CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(c)**

- As a result of both Defendant's willful and/or knowing violations of 47 U.S.C. §227(c)(5), Plaintiff is entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. §227(c)(5).

- Any and all other relief that the Court deems just and proper.

## FIFTH CAUSE OF ACTION

**California Invasion of Privacy Act**

**PC §632.7 and PC §6372**

- $5,000 per call for each such call that was recorded without consent or disclose of such recording at the beginning of the call.

- Any and all other relief that the Court deems just and proper.

Respectfully Submitted this 28th day of December, 2020.

/S/ Anton Ewing
Anton Ewing, Plaintiff